**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CLINTON GOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:18-cv-1054 |
| | ) | |
| TERRILL OUTSOURCING GROUP, LLC | ) | |
| d/b/a SUPERLATIVE RM, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CLINTON GOLSON ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, TERRILL OUTSOURCING GROUP, LLC d/b/a SUPERLATIVE RM ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

5.  Defendant conducts business in San Antonio, Bexar County, Texas.

6.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7.  Plaintiff is a natural person residing in San Antonio, Bexar County, Texas.

8.  Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency with a principal place of business in Elk Grove, California.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

2

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff which Plaintiff does not owe.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. Even if at one point in time Plaintiff did owe the alleged debt, Plaintiff did not owe the alleged debt when Defendant sought to collect the debt from Plaintiff.

22. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephones at xxx-xxx-0139 and xxx-xxx-2897, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from various telephone numbers including, but not limited to, 877-422-4284, which is one of Defendant's telephone numbers.

24. In or around September 2017, Defendant sent a letter to Plaintiff with an offer to settle the alleged debt.

25. In or around September 2017, Plaintiff spoke with one of Defendant's collectors and entered into a payment arrangement with Defendant to pay off the alleged debt.

26. On or around September 4, 2018, Plaintiff made a final payment in the amount of $260.91 to settle the debt in full.

27. Despite not owing the alleged debt, Defendant continued to place collection calls to Plaintiff in an attempt to collect the debt not owed.

28. On or around September 4, 2018, Defendant mailed a letter to Plaintiff with an offer to

settle the account that was paid in full.

29. On or around August 21, 2018, Defendant mailed a letter to Plaintiff stating "…please accept this letter as notice that a pre-approved draft in the amount of $260.91 will be deducted from your account."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff paid the alleged debt;

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant attempted to collect a debt from Plaintiff that he does not even owe;

c. Defendant violated § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken, when Defendant threatened to withdraw funds from Plaintiff's account after Plaintiff no longer owed the alleged debt;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant attempted to collect a debt from Plaintiff that he does not even owe; and

e. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

4

WHEREFORE, Plaintiff, CLINTON GOLSON, respectfully requests judgment be entered against Defendant, TERRILL OUTSOURCING GROUP, LLC d/b/a SUPERLATIVE RM, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

30. Plaintiff repeats and re-alleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

31. Defendant violated the TDCA based on the following:

   a. Defendant violated Tex. Fin. Code § 392.301(8) by threatening to take an action prohibited by law, when Defendant threatened to withdraw funds from Plaintiff's account after Plaintiff no longer owed the alleged debt;

   b. Defendant violated Tex. Fin. Code § 392.302(4) causing a telephone to ring repeatedly or continuously with the intent to harass a person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff paid the alleged debt; and

   c. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent or amount of a consumer debt, when Defendant mailed a letter to Plaintiff in an attempt to collect a debt not owed by Plaintiff.

WHEREFORE, Plaintiff, CLINTON GOLSON, respectfully requests judgment be entered

against Defendant, TERRILL OUTSOURCING GROUP, LLC d/b/a SUPERLATIVE RM, for the following:

32. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

33. For attorneys' fees, costs and disbursements;

34. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

35. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


DATED:  October 8, 2018              RESPECTFULLY SUBMITTED,

                                     By: /s/ Michael S. Agruss
                                          Michael S. Agruss
                                          SBN: 6281600
                                          Agruss Law Firm, LLC
                                          4809 N. Ravenswood Ave., Suite 419
                                          Chicago, IL 60640
                                          Tel: 312-224-4695
                                          Fax: 312-253-4451
                                          michael@agrusslawfirm.com
                                          Attorney for Plaintiff